UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Michael McDerman, <br><br>      Plaintiff, <br><br>   v. <br><br> John Does, <br><br>      Defendants. | 25-CV-5740 (DEH) <br><br> <u>MEMORANDUM ORDER</u> |

DALE E. HO, United States District Judge:

  On July 11, 2025, Plaintiff proceeding *pro se* filed the Complaint in this case, accusing one or more "John Doe" Defendants of, *inter alia*, "political intimidation, violation of privacy, cyberstalking and electronic harassment, symbolic and veil harassment, unlawful surveillance, suspected defamation, and intentional infliction of emotional distress."[1] Plaintiff brings his claims pursuant to the U.S. Constitution, various federal privacy statutes, and New York state law.[2] Currently before the Court is Plaintiff's request for a temporary restraining order ("TRO").[3] Plaintiff's TRO request is **DENIED**.

  This is not Plaintiff's first TRO request. In his related New York Supreme Court case, filed against the same Defendants for the same causes of action, Plaintiff also sought a temporary restraining order enjoining the John Doe Defendant from "direct and indirect surveillance of him."[4] Plaintiff's proposed TRO in his state case also sought to for the court to direct John Doe "to stay

---

[1] Complaint ¶ 7, ECF No. 1.

[2] *Id.* ¶¶ 16-27.

[3] ECF No. 20 (the "TRO Request"). The document Plaintiff filed is titled "Order to Show Cause With T.R.O. in Civil Action."

[4] *Michael McDerman, in the Cann Productions, LLC v. John Doe*, No. 156151/2025, at 2 (NY. Su. Ct. June 24, 2025) (Justicia, N.Y Case Law), https://cases.justia.com/new-york/other-courts/2025-2025-ny-slip-op-32208-u.pdf?ts=1750975088.

away from [Plaintiff], his family, and friends."[5]  The state court denied Plaintiff's TRO request, stating that it could not "issue a temporary restraining order against an unknown and unnamed "John Doe" [because s]uch an order could, effectively, enjoin everyone and no one."[6]  In a filing submitted to this Court, Plaintiff acknowledges that the state court "denied [his] motion for a temporary restraining order," reciting the same language from the state court's opinion that this Court quoted *supra*.[7]

Nonetheless, in this action, Plaintiff has filed another request for a temporary restraining order against unknown and unnamed John Doe Defendant(s).  In his Motion, Plaintiff states that "TROs may issue even against unnamed 'John Doe' defendants where evidence supports a credible and immediate risk of irreparable harm."[8]  Plaintiff cites two cases to support this proposition: *Columbia Insurance Company v. Seescandy.com* and *Wakefield v. Thompson*.[9]  Plaintiff's argument fails for several reasons.

First, Plaintiff has misstated—and does not satisfy—the legal standard for issuing a TRO. Plaintiff says that courts can issue TROs "against unnamed 'John Doe' defendants where evidence supports a credible and immediate risk of irreparable harm."[10]  In fact, for a court to issue *any* TRO against an adverse party without written or oral notice to that party, the person seeking the TRO must present "specific facts in an affidavit or a verified complaint [that] clearly show that

---

[5] *Id.*

[6] *Id.* at 5.

[7] Letter re: Support of Federal Complaint and Motion for Order to Show Cause for Early Discovery and Seal at 1, ECF No. 7.  Later in this document, Plaintiff states that "his TRO request [in state court] was denied solely due to the procedural limitations regarding the identify of the defendant." *Id.* at 2.

[8] TRO Request at 2.

[9] *Id.*

[10] *Id.*

immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."[11]  Put differently, every application for a TRO—irrespective of the party to be enjoined—requires the moving party to "show "(1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest."[12]  So Plaintiff is wrong that a showing of irreparable harm suffices to issue a TRO against a John Doe Defendant.  And Plaintiff has failed to address the other requirements for the issuance of a TRO the Court has listed above.

Second, the cases Plaintiff cites do not support his argument.  In *Columbia Insurance*,[13] a decision issued by a district court in a different Circuit, the court *denied* the plaintiff's request for a temporary restraining order.[14]  That court denied the TRO request because "such a ruling would [have] be[en] futile," in part because the plaintiff had "not been able to collect information necessary to serve the complaint on defendants" so "any temporary restraining order issued . . . would be unlikely to have any effect on defendant[,] whom plaintiff ha[d] not yet located."[15] *Columbia Insurance*, therefore, counsels *against* this Court issuing a TRO against the John Doe Defendant(s) in this case, who are similarly unknown.  As there, issuing a TRO here "would be unlikely to have any effect" on the Defendants.  *Wakefield v. Thompson*[16] is similarly inapposite, because that case is not about temporary restraining orders.

---

[11] Federal Rule of Civil Procedure 65.

[12] *State Farm Mutual Automobile Insurance Company v. Tri-Borough NY Medical Practice P.C.*, 120 F.4th 59, 79 (2d Cir. 2024).

[13] 185 F.R.D. 573, 577 (N.D. CA 1999).

[14] *Id.* at 577.

[15] *Id.*

[16] 177 F.3d 1160 (9th Cir. 1999).

Third, Plaintiff's current TRO request fails for the same reason his TRO request in state court failed: he seeks for this Court to "enjoin everyone and no one." Plaintiff does not know enough information at this stage to name a Defendant whom the Court may temporarily restrain. If Plaintiff is able to identify any of the John Doe Defendants, he may refile this TRO request.

SO ORDERED.

Dated: July 22, 2025
   New York, New York

                                        _____
                                               DALE E. HO
                                        United States District Judge

4