**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
MICHAEL McDERMAN

                              Plaintiff,                      **ORDER**

          -against-                   **25-CV-5740 (DEH) (JW)**

JOHN DOES,

                              Defendant.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

Between July and October 2025, Plaintiff filed several motions requesting Court action. The Court will address the motions made in Dkt. Nos. 4, 18, 31, 32, 40, 44, and 47 in this Order.

### A. Order to show cause for preliminary injunction

On July 11, 2025, Plaintiff filed a motion titled order to show cause for preliminary injunction, which appears to be incorrectly named. "It is well established that the submissions of a pro se litigant must be construed liberally and interpreted [']to raise the strongest arguments that they suggest.[']" <u>Triestman v. Federal Bureau of Prisons</u>, 470 F.3d 471, 474 (2d Cir. 2006) (collecting cases). From the Court's review of the motion, Plaintiff requests a broad order to seal the case, an order granting early discovery, and so-ordered subpoenas.

First, Plaintiff "requests that this Order to Show Cause, all supporting papers, and all subsequent filings related to discovery be filed under seal…" Dkt. No. 4, at 1. In considering the motion to seal, this Court must first determine whether the

document requested to be sealed is a "judicial document." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). If so, the Court determines the weight of the presumption of public access attaching to the document and whether there are any countervailing factors that outweigh the common law right of public access. Id. The items Plaintiff requests be sealed are judicial documents. They are the very pleadings that make up the entirety of Plaintiff's case. The right of public access to the Courts heavily outweighs the Plaintiff's stated concerns in the request to seal; therefore, this request is **denied**.

Second, Plaintiff requests early discovery under Federal Rule of Civil Procedure 26(f), including subpoenas and leave to take depositions. Rule 26 requires Parties to meet and confer prior to initiating the discovery process. Fed. R. Civ. P. 26(f). Courts can order early discovery, in advance of the Rule 26 conference. Fed. R. Civ. P. 26(d). Though the rule does not explicitly include a standard for determining when to order early discovery, Courts in this district have required a showing of good cause. Digital Sin, Inc. v. Does 1-176, No. 12 Civ. 126, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (Nathan, J.) (quoting Ayyash v. Bank Al-Madina, 04 Civ. 9201, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005) (Lynch, J.)). When plaintiffs seek early discovery on an *ex parte* basis, Courts apply "particularly careful scrutiny," in determining whether to grant the request. Id.

In determining whether to grant early discovery in cases where the plaintiff is unable to identify the defendants, Courts in this District have explored whether reasonable alternatives exist to obtain the identities sought. Digital Sin, Inc., 279 F.R.D. at 241. See also Strike 3 Holdings, LLC v. Doe, 24 Civ. 7286 (VSB), 2024 WL

2

4728887, at *1 (S.D.N.Y. Nov. 8, 2024). Under circumstances where plaintiffs state a prima facie claim and no other alternative exists and litigation would be halted as a result, courts routinely find good cause to grant requests for early discovery. Strike 3 Holdings, LLC, 2024 WL 4728887, at *1.

Plaintiff has not met the good cause standard required to obtain expedited discovery. The subpoenas requested by Plaintiff are not the only way of obtaining the identity of Defendants in this case. Plaintiff's request for subpoenas includes only subpoenas to obtain Plaintiff's own records. Plaintiff can obtain his own medical records from Mount Sinai Beth Israel by requesting them from the hospital and authorizing their release. Plaintiff can obtain police department records concerning himself by making a records request online or in person at Police Headquarters in Manhattan, or by utilizing the Freedom of Information Law ("FOIL") to request police department records. Plaintiff can obtain his own personal account records from Apple, Meta, WhatsApp, Grindr, and other platforms via each company's individual records request process. Because Plaintiff has not established good cause for early discovery, the requests to issue Rule 45 subpoenas, begin depositions, or commence any other aspect of the discovery process are **denied**.

Third, Plaintiff requests so-ordered subpoenas to request his own medical, police, and various other records. Because the Court denied early discovery, this request is **denied** as moot. In the future, when discovery is authorized under Rule 26, Plaintiff may contact the *pro se* intake unit within the Clerk's Office and utilize the resources afforded to *pro se* litigants in issuing subpoenas.

### B. Motion to seal

On July 18, 2025, Plaintiff filed a motion to seal, wherein Plaintiff moves for an Order "permitting the temporary sealing of his Application for a Temporary Restraining Order ("TRO"), including his Declaration with Exhibits, supporting Memorandum of Law, and related materials…" Dkt. No. 18, at 1. This request is **denied.** The Court, using the same legal framework outlined in Section A of this Order, does not find Plaintiff's stated reasons to seal outweigh the right of the public to access the judicial documents.

### C. Notice of motion and order to show cause for order amending subpoena return address for third-party subpoenas

On August 6, 2025, Plaintiff filed a motion requesting the Clerk of Court serve as the recipient for subpoena returns. Dkt. No. 31. This request is **denied**. If Plaintiff is permitted to serve subpoenas in the future pursuant to the discovery process, Plaintiff must use a personal return address on all subpoenas.

### D. Motion to amend return address for third-party subpoenas

On August 6, 2025, Plaintiff filed a motion to amend the return address to the Clerk of Court. Dkt. No. 31. This request is **denied** for the reasons stated in Section C of this Order.

### E. Motion to extend time to serve Defendants

On August 26, 2025, Plaintiff filed a motion to request an extension of time to serve Defendants. Dkt. No. 40. Rule 4(m) requires service on a defendant within 90 days after the Complaint is filed, "[b]ut if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Plaintiff is unable to serve Defendants at this juncture because Plaintiff has not yet identified

them. Good cause exists for the failure to serve Defendants and Plaintiff's request for an additional 120 days, to **February 18, 2026,** to execute service is **granted**.

### F. Motion to supplement declaration to the record and notice of continued retaliation, police non-response, and potential color of law violations

On September 24, 2025, Plaintiff filed a motion attempting to supplement the record. Dkt. No. 44. There is no request of the Court under the Federal Rules of Civil Procedure in this motion. The Court interprets Plaintiff's motion as informing the Court that Plaintiff may seek to amend the Complaint in the future, but the request has not yet been made. This motion includes attempts to keep the Court apprised of updates and developments. However, there is no rule or mechanism to inform the Court of factual developments through filings. Therefore, Plaintiff is instructed to file motions only when there is a request permitted by the Federal Rules of Civil Procedure.

### G. Motion to expedite rulings on pending motions due to risk of evidentiary loss and irreparable prejudice

On October 15, 2025, Plaintiff filed a motion to expedite rulings on all pending motions. This motion is **denied** as moot. Plaintiff is instructed only to file motions when the request is permitted by the Federal Rules of Civil Procedure.

**The Clerk of Court is respectfully requested to close Dkt. Nos. 4, 18, 31, 32, 40, 44, and 47.**

SO ORDERED.

DATED:    New York, New York
          October 21, 2025

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge

5