UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Michael McDerman, | |
|                           Plaintiff(s), | 25-CV-5740 (DEH) |
|         v. | |
| John Does, | ORDER |
|                           Defendant(s). | |

DALE E. HO, United States District Judge:

On August 12, 2025, *pro se* Plaintiff filed a letter motion requesting an expedited in-person hearing regarding ongoing retaliation and harassment and reconsideration for a Temporary Restraining Order ("TRO"). ECF No. 36. On September 25, 2025, Plaintiff filed a letter motion with a request for an expedited in-person hearing for a TRO and a second proposed order to show cause. ECF No. 43. For the reasons stated below, these motions are **DENIED.**

**A. August 12, 2025 Motion for TRO and In-Person Hearing**

Plaintiff's August 12, 2025 letter motion for a TRO alleges retaliation, cybersecurity breaches, and ongoing harassment by "third-party proxies" of unknown Defendants that are "designed to intimidate or unsettle" Plaintiff, and reasons that these experiences justify the Court's issuance of a TRO. ECF No. 36 at 1. This is Plaintiff's second request for a TRO in this Court. *See* ECF No. 19. The Court denied Plaintiff's first motion for a TRO and outlined several deficiencies with Plaintiff's motion, including a failure to satisfy the legal standard for a TRO and a failure to identify a Defendant or Defendants for whom the Court might temporarily restrain. ECF No. 27. The Court explicitly stated that "[i]f the Plaintiff is able to identify any of the John Doe Defendants, he may refile this TRO request." *Id.* at 4.

As an initial matter, Plaintiff has still not identified any Defendants whom the Court can restrain. For substantially the same reasons discussed in ECF No. 27, this Court is unable to issue a TRO in this matter without named Defendants. However, even if Plaintiff were able to identify Defendants with particularity, Plaintiff has not met the legal standard for a TRO. Plaintiff is reminded that "every application for a TRO—irrespective of the party to be enjoined—requires the moving party to show '(1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest.'" *Id.* at 3 (quoting *State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Prac. P.C.*, 120 F.4th 59, 59 (2d Cir. 2024)). Assuming, without deciding, that Plaintiff has established irreparable harm, Plaintiff's renewed motion plainly fails to satisfy the second and third prongs of this test.

Plaintiff also requests an expedited in-person hearing "to present the facts and respond to the [C]ourt's concerns." ECF No. 36 at 2. Based on Plaintiff's motion it is not clear how an in-person hearing would resolve the deficiencies outlined herein. Therefore, Plaintiff's request for a TRO and in-person hearing is **DENIED**.

B. **September 25, 2025 Motion for TRO and In-Person Hearing and Second Order to Show Cause**

On September 25, 2025, Plaintiff filed a motion titled second order to show cause and urgent request for expedited in-person hearing regarding temporary restraining order, which appears to be incorrectly named. "It is well established that the submissions of a pro se litigant must be construed liberally and interpreted [']to raise the strongest arguments they suggest.[']" *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (collecting cases).

From the Court's review of the motion, Plaintiff makes a third request for a TRO and an in-person hearing to discuss evidence supporting the motion for a TRO.

This third request for a TRO suffers from the same deficiencies discussed in Section A of this Order. Therefore, this request is **DENIED.**

Plaintiff may re-file this TRO request if Plaintiff is able to identify any of the John Doe Defendants. However, the Court notes that Plaintiff has now filed three motions for a TRO with substantially the same deficiencies. Further motions for a TRO that do not address these deficiencies will be summarily dismissed. The Clerk of Court is respectfully directed to terminate ECF Nos. 36 and 43.

SO ORDERED.

Dated: October 23, 2025
      New York, New York

                                        DALE E. HO
                                United States District Judge