UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Michael McDerman,

Plaintiff,

v.

John Does,

Defendants.

25-CV-5740 (DEH)

ORDER

DALE E. HO, United States District Judge:

On August 12, 2025, *pro se* Plaintiff filed a letter motion requesting an expedited in-person hearing regarding alleged ongoing retaliation and harassment and reconsideration for a Temporary Restraining Order ("TRO"). ECF No. 36. On September 25, 2025, Plaintiff filed another letter motion with a request for an expedited in-person hearing for a TRO and a second proposed order to show cause. ECF No. 43. On October 23, 2025, the Court denied Plaintiff's motions. ECF No. 49.

No further action was taken in this case until the Court issued an Order on July 8, 2026 directing Plaintiff to detail what efforts had been made to identify and serve Defendants, and to show cause why the case should not be dismissed for failure to prosecute. ECF No. 50. In a letter dated July 16, 2026, Plaintiff stated that he had "not abandoned" his efforts to identify the Doe Defendants, and requested that the Court authorize certain subpoenas and permit him additional time to try to obtain the information necessary to identity and serve the Doe Defendants. ECF No. 51. On July 21, 2026, Magistrate Judge Willis noted that Plaintiff's request for discovery had already been denied and noted that the Court would not so-order his requested subpoenas, but gave him an additional 60 days to identify and serve the Doe Defendants, warning him that failure to

comply with the deadline may result in dismissal for failure to prosecute. More than 60 days have now passed, and Plaintiff has not filed proof of service or any other materials on the docket.

While "pro se plaintiffs should be granted special leniency regarding procedural matters," "it is unquestioned that Rule 41(b) [of the Federal Rules of Civil Procedure] also gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute . . . ." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

> [A] district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and [5] whether the judge has adequately assessed the efficacy of lesser sanctions."

*Id.* (quoting *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)). "[N]one of the five factors is separately dispositive." *Id.* at 210.

Here, the relevant factors point in favor of dismissal for failure to prosecute. As to the first factor, the duration of Plaintiff's failures, this case was filed on July 11, 2025, *see* Compl., ECF No. 1, more than a year ago. After the Court denied Plaintiff's several motions for a temporary restraining order, more than eight months passed with no action from Plaintiff. Despite the fact that Plaintiff had failed to serve the Defendants well beyond the 90 days permitted for service under Federal Rule of Civil Procedure 4(m), the Court, on July 21, 2026, afforded him 60 more days to identify and serve Defendants. ECF No. 52. That time has now passed as well.

As to the second factor, warnings, Plaintiff has been warned twice that failure to take further action in this case would result in dismissal for failure to prosecute—first, when he took no action on the case for more than eight months after his TRO requests were denied, and second,

when he was given an additional 60 days to identify and serve Defendants. *See* ECF Nos. 49, 52. He has been adequately warned that failure to timely serve will result in dismissal.

The third factor, prejudice to any Defendants, is inapplicable here, as Defendants have not even been identified.

As to the fourth factor, balancing of interests, the Court has sought to afford Plaintiff multiple opportunities to make his case; but the interest of judicial economy weighs in favor of dismissal. Plaintiff has filed dozens of documents including four successive requests for a temporary restraining order, none of which established an entitlement to relief. *See* ECF No. 49. Although Plaintiff has not filed any similar requests for relief since his motions were denied, his previous filings were vexatious and ultimately frivolous, causing unnecessary congestion on the Court's docket.

Finally, as to the fifth factor, the efficacy of lesser sanctions, the Court has considered possibility of other sanctions, but concludes that they would be inappropriate or ineffective at this stage of the litigation. For example, a filing injunction would serve little value at this point—Plaintiff's previous pattern of vexatious filings has abated, and rather than filing too frequently, the issue now is that Plaintiff has not moved this litigation forward in months. Because Plaintiff cannot establish good cause for the failure to timely serve Defendants, dismissal is now appropriate. *Cf. Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007).

For the reasons stated above, this case is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: October 5, 2026
New York, New York

DALE E. HO
United States District Judge